UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHURI M., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. C20-0403-MAT <br><br> ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REVERSED and REMANDED for further administrative proceedings.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1958,[1] has no formal education, and previously worked as a farmer in her native county, Nepal. (AR 32, 39.) Plaintiff applied for SSI in November 2016. (AR 141-142.) That application was denied initially and upon reconsideration, and Plaintiff timely

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 1

requested a hearing. (AR 76-78.) On October 9, 2018, ALJ M.J. Adams held a hearing, taking testimony from Plaintiff. (AR 26-37.) On December 27, 2018, the ALJ issued a decision finding Plaintiff not disabled. (AR 12-15.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review (AR 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks judicial review.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. See 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since November 1, 2016, the application date. (AR 17.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found that through the application date, none of Plaintiff's impairments were severe. (*Id*.) Accordingly, the ALJ found that Plaintiff had not been disabled since the application date. (AR 21.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir.

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 2

2002).

Plaintiff argues the ALJ erred in finding at step two that she had no severe impairments and therefore is not disabled. Plaintiff argues she is entitled to a finding of disability under 20 C.F.R. § 416.962(b), which provides:

> If you have a severe, medically determinable impairment(s), are of advanced age (age 55 or older), have a limited education or less, and have no past relevant work experience, we will find you disabled. If the evidence shows that you meet this profile, we will not need to assess your residual functional capacity or consider the rules in appendix 2 to this subpart.

As relief, Plaintiff requests the Court reverse for an award of benefits or, in the alternative, remand for further proceedings.

### Step Two

At step two, a claimant must make a threshold showing that her medically determinable impairments significantly limit her ability to perform basic work activities. *See Bowen v. Yuckert*, 482 U.S. 137, 145 (1987); 20 C.F.R. §§ 404.1520(c), 416.920(c). "Basic work activities" refers to "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522(b), 416.922(b). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'" *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (quoting Social Security Ruling (SSR) 85-28). "[T]he step two inquiry is a *de minimis* screening device to dispose of groundless claims." *Id*. (citing *Bowen*, 482 U.S. at 153-54). Therefore, "[a]n impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'" *Id*. (quoting SSR 85-28). Adjudicators must exercise "[g]reat care . . . in applying the not severe impairment concept[,]"

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 3

and, if "unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities," should continue the sequential evaluation process beyond step two. SSR 85-28.

The ALJ found Plaintiff had medically determinable impairments consisting of hypothyroidism, left shoulder and left hand pain complaints, mildly positive RF factor, arthritis, and osteoarthritis.[2] (AR 17.) However, the ALJ did not find these conditions severely impairing. Therefore, the ALJ found Plaintiff not disabled. Plaintiff contends the ALJ's step two determination lacks substantial evidence. Specifically, Plaintiff contends the ALJ harmfully erred by overlooking, if not implicitly rejecting, an assessment from Plaintiff's treating nurse practioner; by dismissing the import of Plaintiff's rheumotologist's findings; and by improperly characterizing the opinions of two State reviewing physicians.

*State Reviewing Physicians*

The ALJ "accorded great weight" to the opinions of State agency reviewing physicians, Lisa Ho, M.D., and Dennis Koukol, M.D. (AR 20.) The ALJ specifically found their opinions "not inconsistent with the medical evidence as a whole. These doctors agreed … that the claimant's impairments are non-severe. As their opinion is consistent with the evidence of record, including evidence received at the hearing, it is accorded great weight." (AR 20 (internal citation omitted).)

After Plaintiff filed her intitial claim for disability, Dr. Ho opined Plaintiff had only non-severe impairments. (AR 41-43.) On reconsideration, Dr. Koukol noted under "findings of fact" that Plaintiff had complaints of shoulder pain down to the wrist; pain when lifting the left arm; and that "Clmt has positive RF." (AR 50.) Under the section entitled "Adult Medically Determinable

---

[2] "In addition to the impairments the ALJ specifically found, the Court notes the medical record mentions "bilateral hearing loss" (AR 219); "[d]ecreased central vision" (AR 298) ; and "[m]ajor depression disorder" (AR 426).

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 4

Impairments (MDI)," Dr. Koukol answered "Yes" to the question, "Does the Individual have one or more medically determinable impairments?" (AR 51.) Under "Impairment," Dr. Koukol labeled "Dysfunction – Major Joints" as "Severe," and assessed "Thyroid Gland, all Disorder" as "Non Severe." *Id.* Under "Adult Medical Disposition," the doctor noted that that "[t]here is insufficient evidence to evaluate the claim" and determined that "[claimant's] impairments are NSI," pointing to normal physical examinations. (AR 52.)

Plaintiff contends that because Dr. Koukol found Plaintiff has a medically determinable impairment and determined she has major joint dysfunction that is severe, the ALJ either "misinterpret[ed] or misrepresent[ed] the medical consultant's findings." Dkt. 13 at 5. The Commissioner responds that the ALJ "reasonably interpreted Dr. Koukol's opinion to reflect agreement with Dr. Ho" because "at one point in Dr. Koukol's opinion he stated that Plaintiff's impairments were non-severe – consistent with Dr. Ho's opinion – and because [Dr. Koukol] found Plaintiff not disabled at step two." Dkt. 14 at 6.

The Court finds the ALJ's consideration of Dr. Koukol insufficient. Despite the Commissioner's suggested reconciliation of the opinions of the two state agency doctors, the ALJ did not provide any explantion that reconciles the inherent inconsistency between Dr. Ho's assessment and Dr. Koukol's explicit diagnosis of "severe" joint dysfunction and his assessment that none of Plaintiff's impairments were severe. Dr. Koukol specifically found that Plaintiff's "Dysfunction – Major Joints" a medically determinable impairment and described it as "severe." (AR 51.) Without further clarification from the doctor, the ALJ's finding that both Drs. Ho and Koukol found Plaintiff has no severe impairments is unsupported. The Commissioner's rationale was not relied upon by the ALJ. The Court reviews the ALJ's decision "based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 5

the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225 (9th Cir. 2009) (citing, *inter alia*, *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999) ("The requirement of reason-giving exists, in part, to let claimants understand the disposition of their cases…")).

Furthermore, Dr. Koukol's opinion goes beyond a simple diagnosis but also references physical limitations that could bear on the step two finding. The ALJ's limited discussion of Dr. Koulol's opinion as "consistent with the evidence of record, including evidence received at the hearing" (AR 20) fails to adequately consider the entirety of Dr. Koulol's opinion. On remand, the ALJ should reevaluate the opinion of the state agency doctor's opinions.

*ARNP Marla Garcia Ball*

Plaintiff's treating Nurse Practioner, Marla Garcia Ball, ARNP, completed a Washington State Department of Social and Health Services assessment form in which she noted Plaintiff was diagnosed with Rheumatoid Arthritis, Plaintiff's reports of joint pain, and a marked limitation in Plaintiff's ability to lift, carry, handle, push, reach and crouch. (AR 419-420.) ARNP Ball further noted the need for a rheuotmology consultation. The opinions and evidence from other sources, such as ARNP Ball, are important and must be evaluated by the ALJ. *See Garrison v. Colvin*, 759 F.3d 995, 1013–14 (9th Cir. 2014). The ALJ may evaluate opinions of other medical sources using the same factors applied to evaluate medical opinions of acceptable medical sources. SSR 06-03p.

Here, however, the ALJ's consideration of ARNP Ball's opinion was limited to the conclusion "The physical limitation to light exertion is not supported by the record." (AR 20.) The ALJ neither mentions ARNP Ball by name nor explains how "the record" contradicts her opinion.

The ALJ failed to adequately evaluate ARNP Ball's opinions.. *See Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988) ("The ALJ must do more than offer his conclusions. He must set forth his own intepretations and explain why they, rather than the doctors', are correct."). On

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 6

remand, the ALJ should reevaluate the opinions of ARNP Ball.

*Dr. Uche M. Obih, M.D.*

Dr. Obih, a rheumatologist, assessed Plaintiff for "joint pain symptoms affecting the hands, shoulders". (AR 429.) Dr. Obih noted the presence of a positive rheumatoid factor. On examination, Dr. Obih found tenderness to light touch at the shoulders, inability to abduct or flex at the shoulder joint at all, and pain with pronation of the arm with the elbow flexed or rotation of the shoulder. (AR 430.) Dr. Obih's differential diagnosis was "frozen shoulder vs tendon tear." (AR 428.)

Consistently, the ALJ found "left shoulder and left hand pain complaints" and "mildly positive RF factor," to be medically determinable impairments, as well as arthritis and osteoarthritis. (AR 17.) However, in considering Dr. Obih's opinions, the ALJ failed to adequately consider the impact of those findings on Plaintiff's ability to work. While the ALJ acknowledged Dr. Obih's exam findings of Plaintiff (AR 19), the ALJ stopped short of the required step two analysis, failing to consider if the medically determinable impairments were no more than slight abnormalities with no more than a minimal effect on Plaintiff's ability to work.

The Commissioner's attempted rehabilitation of the ALJ's discussion of Dr. Obih's opinions by suggesting the rheumatologist did not assess work-related restrictions or settle on a diagnosis for the shoulder pain is unavailing. While this argument would be more relevant for a step four functional capacity assessment, the step two analysis is a "de minimis" screening device. If further clarification from Dr. Obih was necessary, the ALJ should have requested it. On remand, the ALJ should more fully consider the applicability of Dr. Obih's findings at step two.

*Dr. Angela Heald, M.D.*

Plaintiff was evaluated by psychiatrist Angela Heald, MD, who diagnosed "Major

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 7

Depressive disorder, recurrent, moderate" and "Acculturation difficulty" (AR 426.) Relying on a lack of evidence of other mental health treatment or complaints, the ALJ found the diagnosed impairments "not medically determinable and not meeting the durational requirement." (AR 20.)

The ALJ neither considers nor criticizes Dr. Heald's examination findings, qualifications, or methodology, but simply rejects the doctor's opinions because the record does not show any other mental health complaints or treatment. In light of the fact that Plaintiff was a recent refugee from Nepal arriving in the United States approximately fourteen months earlier, speaking no English and without any formal education (AR 425), the ALJ's consideration of Dr. Heald's opinion falls short of substantial evidence support.  On remand, the ALJ should reassess Dr. Heald's findings and, if necessary, obtain additional clarification about the doctor's opinions.

## REMEDY

Plaintiff contends the ALJ erred at step two and, therefore, the proper remedy is for the Court to find plaintiff disabled under 20 C.F.R. § 416.962(b) and award benefits. The Commissioner disagrees, arguing that even if the Court finds the ALJ's step two determination is erroneous, "a remand would be necessary for the ALJ to make factual findings at the remaining steps of the sequential evaluation process." Dkt. 14 at 9.

An individual with a severe, medically determinable impairment, of advanced age (age 55 or older), with a limited education or less and no past relevant work experience, will be found disabled under 20 C.F.R. § 416.962(b) at step two of the sequential evaluation.  In this case, further findings are necessary before plaintiff can be found eligible for an award of benefits. The ALJ failed to make the necessary factual findings regarding Plaintiff's age, education and work experience, and insufficiently considered the medical evidence of severe impairment at step two.  The appropriate remedy is a remand for further proceedings consistent with this order.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is REVERSED and this case is REMANDED for further administrative proceedings.

DATED this 26th day of January, 2021.

Mary Alice Theiler
United States Magistrate Judge

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 9